UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN E. TAYLOR,

    Plaintiff,

v.

HENNEPIN COUNTY CHILD SUPPORT,
BONNIE JOHNSON, TAMARA K. SABA,
LINDSEY ESNAOLA,

    Defendants.

Case No. C06-5473 FDB

ORDER GRANTING DEFENDANT
BONNIE JOHNSON'S MOTION TO
DISMISS

    This matter comes before the Court on Defendant Bonnie Johnson's Fed. R. Civ. P. 12(b) Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim based on (1) lack of personal jurisdiction, (2) lack of violation of due process, and (3) qualified immunity. After reviewing all materials submitted by the parties and relied upon for authority[1], the Court is fully informed and hereby grants Defendant's motion and dismisses Plaintiff's case for lack of personal jurisdiction for the reasons

---

[1] Plaintiff has not responded to the motion to dismiss. Under Local Rule 7 his failure to respond may be deemed as an admission that the motion has merit. As defendants facts are not contested the court adopts the facts as set forth in defendant's motion to dismiss.

ORDER - 1

described below.[2]

## INTRODUCTION AND BACKGROUND

Plaintiff's 42 U.S.C. § 1983 claim alleges that Hennepin County Child Support (Hennepin County), through Defendant Johnson and others, improperly and without legal basis assisted Plaintiff's ex-wife, Ms. Taylor, in initiating an interstate child support claim against Plaintiff. The child support obligation is based on a California court order sought to be enforced by Ms. Taylor after she and her daughters relocated to Minnesota. Plaintiff asserts that by initiating this collection effort, the Defendants violated due process.

In June 1999, the Superior Court of California, County of Riverside, issued an order imposing child support obligations on Plaintiff Taylor for his two children. In December 1999, Taylor's ex-wife made a motion to modify the child support order. Subsequent to a court trial and examination of the parties, the Court ordered an increase in the child support obligations. This order was entered as a "Minute Oder" and is the basis for Plaintiff's ongoing child support obligations of which he is in arrears.

Sometime thereafter, Ms. Taylor and her two daughters moved from California to Minnesota. Plaintiff Taylor moved to Washington. In August 2003, Ms Taylor applied for support and collection services from Hennepin County Child Support. In accord with Minnesota law and the Uniform Family Support Act, Hennepin County employee Defendant Bonnie Johnson took action to notify the appropriate Washington officials that Ms. Taylor was seeking enforcement of the California Minute Order. Washington officials registered the California order and began taking enforcement action against Plaintiff Taylor. Plaintiff then filed suit in Clallam County Superior Court and Defendant Johnson removed the case to this Court.

---

[2]Defendant Bonnie Johnson is the sole defendant properly served with process and thus the only defendant moving for dismissal. However, the claims against the other defendants fail for the same reasons Plaintiff's claims fail against Defendant Johnson.

ORDER - 2

PERSONAL JURISDICTION

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977). Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger, at 800. Uncontroverted factual allegations must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id. A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute provides a person submits themselves to jurisdiction in Washington as a result of (a) the transaction of any business within the state or, (b) the commission of a tortious act within the state. RCW 4.28.185(1)(a) & (b); Shaffer v. McFadden, 125 Wn.App. 364, 370, 104 P.3d 742, 745 (2005). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. Byron Nelson Co. v. Orchard Management Corp., 95 Wn.App. 462, 465, 975 P.2d 555 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. See, Schwarzenegger, at 800-01. A court can exercise its power over a non-resident defendant (absent the defendant's consent) only if it has specific or general

ORDER - 3

jurisdiction. <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc</u>., 223 F.3d 1082, 1086 (9th Cir. 2000).

**A. Specific Jurisdiction**

Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise "purposefully availed" himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. <u>Easter v. American West Financial</u>, 381 F.3d 948, 960-61 (9th Cir. 2004). Where the defendant's acts are alleged to be tortious, the Ninth Circuit employs the "effects test" to determine whether a party's acts satisfy the purposeful availment requirement. See, <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1321 (9th Cir.1998); <u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1486 (9th Cir.1993) In order to establish purposeful availment under the "effects test" the plaintiff must demonstrate the existence of (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered, and which the defendant knows is likely to be suffered, in the forum state. <u>Panavision</u>, at 1322; <u>Core-Vent Corp</u>., at 1486. A showing that a defendant purposefully directed his conduct toward a forum state usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere. <u>Schwarzenegger</u>, 374 F.3d at 803.

The Defendant Johnson has done nothing to purposefully avail herself of the benefits of Washington. Plaintiff has not alleged that the Defendant Johnson, or any other defendant, purposefully directed their activities or consummated a transaction with Washington residents, thereby availing themselves of the privilege of conducting activities in Washington and invoking the benefits and protections of Washington's laws. Defendant Johnson merely accepted Ms. Taylor's application for child support benefits in Minnesota and then contacted Washington officials concerning Ms Taylor's application and requested Washington officials take enforcement actions. Neither Johnson or the other defendants took any actions in Washington to enforce the child support

ORDER - 4

obligations. Washington officials acted to register the California order and seek enforcement. Forwarding Ms Taylor's request to Washington dose not constitute tortious conduct. Any alleged tortious conduct on the part of Ms. Johnson, and the other Hennepin County defendants, necessarily occurred in Minnesota where Ms. Taylor's application for child support benefits was received and processed prior to being forwarded to the State of Washington.

The second prong of the specific jurisdiction test is that the claims arise out of the defendants's forum-related activities. This prong is satisfied if the cause of action would not have arisen "but for" the alleged contacts between the defendant and the forum state. Panavision, at 1320; Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Plaintiff has failed to satisfy this prong. The alleged tort, the child support enforcement action, occurred in Washington as a result of the actions of Washington officials in registering and commencing enforcement actions pursuant to the California court order. The only contact Ms. Johnson had with the forum state was forwarding the request for child support.

The third and final prong of the specific jurisdiction test is whether exercising personal jurisdiction over the nonresident defendant is reasonable, as an unreasonable exercise of personal jurisdiction would violate due process. Ziegler v. Indian River County, 64 F.3d 470, 474-75 (9th Cir. 1995). The Ninth Circuit considers seven factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the extent of the defendant's purposeful contacts with the state; (2) the burden on the defendant of litigating in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Ziegler, at 475; Terracom v. Valley Nat. Bank, 49 F.3d 555, 561 (9th Cir. 1995).

These factors weigh against the exercise of specific jurisdiction. Ms. Johnson's, and the other defendants, purposeful contact with the forum state was extremely limited. The fact that she

ORDER - 5

forwarded the documents to Washington, as opposed to another state, was incidental to the Plaintiff relocating to the forum state. Ms. Johnson did not purposely interject herself into the forum merely by serving as a conduit for transferring documents. Thus, this factor favors Ms. Johnson. The burden on Defendant Johnson in litigating in Washington is at least as great as the burden of Plaintiff litigating in Johnson's home state, Minnesota. Where the burdens are equal, this factor favors defendants because personal jurisdiction is primarily concerned with the burden on defendants. See, Terracom, at 561. Defendant Johnson's conduct in processing the request for child support request was as a government employee complying with Minnesota law. To the extent there exist any conflict with the sovereignty with Minnesota, the matter would more properly be heard in that jurisdiction. Further, Minnesota has a greater interest in adjudicating a dispute concerning actions by a Minnesota government employee and a greater interest in the welfare of child residents of Minnesota. Any witnesses to the alleged conduct of Ms. Johnson are necessarily in Minnesota as it is the sole locale of her and the other defendants actions. It is unquestioned that alternate forums to Washington exist to resolve this dispute.

In summary, the limited extent of Ms. Johnson's, and the other defendants, purposeful interjection into Washington, the burden on Ms. Johnson of litigating in Washington, the efficiency of litigating in Washington, the interest in convenient and effective relief, and the existence of an alternative forum all weigh against this Court's exercise of jurisdiction over Ms. Johnson and the other defendants. Only Washington's interest in adjudicating the dispute with its current citizen weighs in favor of the Plaintiff, and that interest is weak, as the Plaintiff resided in California when the support obligation arose and the purported actions of the defendants giving rise to this controversy occurred in Minnesota. Accordingly, the Court finds that it would be unreasonable in light of due process for the Court to exercise specific jurisdiction over Ms. Johnson and the other Minnesota defendants.

ORDER - 6

**B. General Jurisdiction**

Briefly touching on general jurisdiction, a defendant is subject to general jurisdiction only where the defendant's contacts with a forum are "substantial" or "continuous and systematic." Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). The threshold for satisfying the requirements for general jurisdiction is substantially greater than that for specific jurisdiction. The contacts with the forum state must be of a sort that "approximate physical presence." Id., at 1086. "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. In applying the substantial or continuous and systematic contacts test, the focus is primarily on two areas. First, there must be some kind of deliberate "presence" in the forum state, including physical facilities, bank accounts, agents, registration, or incorporation. An additional consideration is whether the defendant has engaged in active solicitation toward and participation in the state's markets, i.e., the economic reality of the defendant's activities in the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir.1984).

Plaintiff has not alleged, and Defendant Johnson and the other defendants do not have, substantial or continuous and systematic contacts with the state of Washington. The Court lacks general jurisdiction over Defendant Bonnie Johnson and the other named defendants.

**CONCLUSION**

For the reasons set forth above, Plaintiff has failed to state facts that would support the exercise of personal jurisdiction over Defendant Bonnie Johnson and other named defendants. Plaintiff's complaint is subject to dismissal.

ACCORDINGLY,

ORDER - 7

IT IS ORDERED:

Defendants' Motion to Dismiss [Dkt. #7] is GRANTED, and this case dismissed.

DATED this 25th day of September, 2006.

```
                              /s/ Franklin D. Burgess
                              FRANKLIN D. BURGESS
                              UNITED STATES DISTRICT JUDGE
```

ORDER - 8